JONATHAN R. GAY & another *vs.* CADWALLADER M. RAY-
MOND & another.

Suffolk. Nov. 11, 12, 1884. — Sept. 3, 1885. COLBURN, J., absent.

Property of the defendant in an action was attached more than four months before
the institution by him of insolvency proceedings. He was defaulted pending
such proceedings. The plaintiff thereupon suggested these proceedings, and,
before the St. of 1885, *c.* 59, took effect, obtained a special judgment against the
property attached. Execution issued, reciting the judgment for the plaintiff
for the amount of the debt and costs, to be levied only on the property attached.
The execution was returned satisfied in part only. *Held,* that the judgment was
a final judgment; and that the plaintiff was not entitled to have a further judg-
ment entered, or process issued, for the unsatisfied balance of his debt.

CONTRACT upon four promissory notes, for $250 each, made
by the defendants, and payable to the order of the plaintiffs.
The writ was dated September 30, 1881, and was returnable at
January term, 1882, of the Superior Court. Another action be-
tween the same parties was entered in that court at October
term, 1881, in which the plaintiffs had caused an attachment to
be made of certain personal property of the defendants. A
second attachment of the same property was made on the writ
in this action. More than four months after the making of said
attachments, the defendants filed their petition in insolvency
in the Court of Insolvency for this county, whereon a warrant
thereafter issued against their estate, and publication of the
issuing of said warrant was duly made, and said insolvency pro-
ceedings are still pending.

The defendants appeared in both actions, and, for answer, filed
a general denial. Both actions were sent to an auditor, who, at
July term, 1883, returned his report in each in favor of the plain-
tiffs; and said actions were thence continued to October term,
1883, at which term they were placed upon the trial list. On
October 4, said actions were reached, and the defendants were
defaulted in both. On October 10, the plaintiffs made the fol-
lowing motion in each case: " And now come the plaintiffs in
the above-entitled action, after default of defendants, and sug-
gest to this honorable court, that since the commencement of
this action the defendants have filed their petition in insolvency,
whereon due and proper proceedings are now being held; that

by virtue of the writ in said action the plaintiffs, more than four months prior to the institution of said insolvency proceedings and the time of the first publication of the notice of issuing the warrant in case of said proceedings, procured the defendants' property to be attached, which attachment has not been dissolved; wherefore plaintiffs move that judgment be entered on said default against the property so attached as aforesaid," which the court allowed. The clerk thereupon made an entry on the docket in each case: "Special judgment against property attached on writ, on motion."

On October 12, executions were issued in both actions; that issuing in the prior action contained a recital of the entry of judgment for the plaintiffs for the sum of $663.64 debt, and $100.16 costs, and that issuing in this action contained a recital of judgment for the plaintiffs for the sum of $1135.99 debt, and $28.97 costs; and each execution contained the further recital, "which sums are to be levied only on the goods, chattels, and lands of defendants attached on the plaintiffs' writ, as to us appears of record," and the direction to the officers to levy was limited to the goods, chattels, or lands "attached on the writ in this action, and not otherwise." Said property had been properly sold on mesne process, and a levy was made upon the proceeds thereof by force of said executions, which were returned into court on January 1, 1884, the former satisfied in full, and the latter satisfied in the sum of $378.40, and no more, leaving a balance of $786.56 due and unpaid.

No motion was made by the defendants to continue this action to await the result of said insolvency proceedings, nor was the pendency of said insolvency proceedings suggested by them, nor did the court order the continuance thereof.

On December 21 following, the court, by a general order, rendered judgment "on all defaults, nonsuits, verdicts, &c., where judgment has not already been entered," and also ordered "that all actions not reserved and not acted on stand continued."

On the execution issued in this action, the plaintiffs' attorney, at the return thereof, made the following indorsement: "This execution has been satisfied in the sum of three hundred seventy-eight $\frac{40}{100}$ dollars, and no more, and an execution for the balance

on the general judgment is requested." But the clerk refused to issue any further process in this action.

At January term, 1884, before *Pitman*, J., the plaintiffs moved that the record of the entry of special judgment be amended, so that the same should read, " Judgment for the plaintiff for the sum of $1135.99 debt, and costs of suit taxed at $28.97, to be enforced, until the further order of this court, only against the property attached on the writ; but not to be enforced, until such further order, against the persons of the defendants or any other property; " that the action be brought forward on the docket, and an order be made that an execution in common form be awarded to the plaintiffs for the amount of the judgment so amended still remaining unsatisfied; and that an entry of judgment be made, *nunc pro tunc*, for the amount of said residue.

Due notice thereof was given to the defendants, who appeared by attorney, and objected to the allowance of the same. The judge overruled the motions, and ruled, as matter of law, that the court had no authority to allow the same; that one judgment having been entered in said action, no other judgment could be entered therein ; and that no further process could be issued upon the judgment entered as aforesaid; and that said judgment could not be amended at this term. The plaintiffs alleged exceptions.

*S. H. Tyng*, for the plaintiffs.

*W. C. Cogswell*, for the defendants.

W. ALLEN, J. The proceedings in insolvency, of themselves, had no effect upon the plaintiffs' attachment, or upon the action; they did not dissolve the attachment, and the defendants could have no benefit of them in the action except by pleading a discharge obtained during its pendency, and, in aid of that, by obtaining a continuance of the action, before a discharge was granted, on a representation of the pendency of the proceedings. The defendants, after having answered in the action by a general denial, and having made no representation of insolvency, were defaulted. The action and the attachment then stood as if there had been no proceedings in insolvency ; and, if nothing more had been done, judgment against the defendants would have been entered, at the close of the term, under the general order, and the property attached might have been taken on the

execution without regard to the insolvency. But, after the defendants had been defaulted, the plaintiffs themselves suggested the pendency of the insolvency proceedings, and moved " that judgment be entered on said default against the property so attached," which motion was allowed, and the entry on the docket made, " Special judgment against the property attached, on motion." The property having proved insufficient to satisfy the full amount of the debt, the plaintiffs now seek for a judgment or an execution against the defendants for the unsatisfied balance, contending that the judgment may be taken as a general judgment against the defendants upon which the plaintiffs are entitled to an alias execution ; or that the judgment against the property was an interlocutory judgment, leaving the action against the defendants pending for further proceedings, and that the entry of the judgment should be amended in conformity therewith. We think that the judgment was in effect against the property only, and that it was final.

An attachment on mesne process is a proceeding by which property is held that it may be taken on an execution to be issued on a judgment which may be recovered in the action. It constitutes a lien on the property, which can be enforced only by judgment and execution in the action. Insolvency proceedings commenced more than four months after an attachment do not dissolve it ; but they may result in a discharge of the defendant from the debt, which will prevent the plaintiff from recovering judgment against the defendant, and so obtaining an execution upon which the property may be taken. To prevent this result, the special judgment against the property attached was devised, so that, when a defendant pleaded a discharge in insolvency and showed a defence to the suit so that no judgment could be had against him, the plaintiff was enabled to enforce his lien under the form of a judgment against the defendant enforceable only against the property attached. The precise form of the proceeding is not material; the substance of it is a judgment for the amount of the debt, to be executed only in preserving and enforcing the lien on the property.

The same judgment may be entered, while the question of discharge is pending, on a suggestion of insolvency, and on motion of either party.

In this case, after the defendants had been defaulted, upon a suggestion of the insolvency of the defendants by the plaintiffs, and upon their motion, judgment was entered against the defendants for the amount of the debt and costs, to be enforced only against the property attached, and execution was issued reciting the judgment against the defendants for said sums, to be levied only on the property attached. We think that the judgment was a final disposition of the case. It was a final judgment, and it authorized an execution only against the property attached, and cannot be treated as a general judgment against the defendants. After the defaults, the plaintiffs had their election to take a general judgment against the defendants, or the special judgment to hold the property, which would be the only judgment they could have in case the defendants had pleaded a discharge in insolvency. One would be, equally with the other, a final judgment; and the plaintiffs, having elected to take the special judgment, and judgment having been entered, there was no opportunity or occasion for the defendants to plead their discharge, and no authority in the court at a subsequent term to change the judgment into a general judgment, or to issue execution on it as such. The St. of 1885, *c.* 59, having been enacted after the judgment was entered, can have no effect upon it.

*Exceptions overruled.*